UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHARLES WARD,

        Plaintiff,

    v.

HUDSON COUNTY DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.

Civil Action No. 15-652 (MCA)

OPINION

**ARLEO, United States District Judge:**

## I.    INTRODUCTION

Plaintiff, Charles Ward, then incarcerated at South Wood State Prison ("SWSP"), filed a Complaint against The Hudson County Department of Corrections ("Hudson County DOC"), CFG Health Systems ("CFG"), and employees of Hudson County DOC and CFG, alleging that the Defendants violated his constitutional rights and the Americans with Disabilities Act ("ADA") by refusing treat his ear infections, hearing loss, and vertigo and for refusing to provide him with hearing aids. Plaintiff additionally alleges that a senior counselor at Hudson County Correctional Center retaliated against Plaintiff for his filing of a different lawsuit by failing to process his grievances, deleting data from an electronic Kiosk, refusing to turn over medical records requested by Plaintiff, and acting as a "liaison" for the county attorney assigned to Plaintiff's other lawsuit. The Court previously granted Plaintiff application to proceed *in forma pauperis* ("IFP"). At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious,

for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. As explained below, Plaintiff acknowledges in the letter accompanying his Complaint that his claim are time barred, and he offers no facts to warrant tolling of the two-year statute of limitations. As such the Court dismisses Plaintiff's Complaint as untimely.

## II.   **FACTUAL BACKGROUND**

The Court recounts only those facts necessary to this Opinion. Plaintiff signed his Complaint on January 21, 2015, and it was docketed with this Court on January 29, 2015.[1] (ECF No. 1.) In his Complaint, Plaintiff's alleges that Defendants denied him medical treatment for his ear infections, hearing loss, and vertigo during the period from June 22, 2011 through October 2, 2011, while he was incarcerated at Hudson County Correctional Center ("HCCC"). (*Id.*) Plaintiff's IFP application indicates that he was incarcerated at Hudson County Correctional Facility from June 22, 2011 through October 2, 2012. He was subsequently incarcerated at SWSP, beginning on October 11, 2012.[2] (ECF No. 1-2, IFP application at 2.) Plaintiff states in his Complaint that he received medical treatment "immediately upon the arrival at South Woods State Prison" and "has been given hearing aids for both of his ears." (ECF No. 1, Compl. at 7.) Plaintiff further states that he "can now hear, have conversation, watch television, use the phone, and effectively communicate with others." (*Id.*)

Plaintiff also alleges that Gheya Calhoun-Butler, a Senior Counselor at HCCC, engaged in acts of retaliation in response to Plaintiff's filing of another lawsuit in 2011 against the County

---

[1] Pursuant to the prisoner mailbox rule, the Court will assume for purposes of this Opinion only that Plaintiff mailed his Complaint on January 21, 2015.

[2] On September 24, 2015, Plaintiff informed the Court that he had been released from SWSP and was residing in a residential placement facility in Newark, New Jersey. (ECF No. 7.)

and its employees. (*Id.*, Compl. at 7; *see also* ECF No. 11-6252.) That law suit is currently pending in this district. According to his Complaint, Defendant Calhoun-Butler "approached Plaintiff in the law library on January 11, 2012, concerning a grievance he had written" and told him she would be handling his grievances, which she described as "complaints not grievances." (*Id.*) It is not clear whether the grievances Defendant Calhoun-Butler would be handling related to his medical issues and/or the use of the law library, which is a subject of Plaintiff's other pending law suit. (*See* Civ. Act. No. 11-6252.) Plaintiff alleges, however, that Defendant Calhoun-Butler failed to respond to Plaintiff's grievances related to his medical care (*id.*, Compl. at 8, 9), and has attached to his Complaint several Inmate Request/Grievance Forms, dated November 30, 2011, July 25, 2012, August 16, 2012, September 3, 2012. (*Id.* at 1-1, 5-9.) The request dated August 16, 2012 states "Forward Ms. Calhoun-Butler" on the reply line. (*Id.*)

He has also attached what appears to be an email from Defendant Calhoun-Butler sent on January 11, 2012, in which she indicates that Plaintiff's "issue" was addressed on December 30, 2012, and that "it was a non-grievable issue, which was invalid." (*Id.* at 10.) In the email, Defendant Calhoun-Butler also states that Plaintiff "is actively being seen for ongoing Mental Health issues." (*Id.*) According to his Complaint, Plaintiff received the January 11, 2012 email described above in a discovery package from Michael Dermody, County Counsel assigned to his other lawsuit, *i.e.*, Civil Action No. 11-6252. Plaintiff contends that Defendant Calhoun-Butler "began assisting the County Attorney by gathering documents, speaking to staff, destroying evidence (by deleting electronic data from the computer Kiosk) [] stalling and stonewalling Plaintiff by not turning over requested medical data stored on the computer Kiosk." (*Id.*) Plaintiff further states that Defendant Calhoun-Butler "acted as a liaison to County Counsel and

3

these acts were in retaliation for plaintiff filing a lawsuit against the County and its employees." (*Id.*)

Plaintiff submitted a letter with his Complaint asking for leave to file his Complaint with the Court "in light of the fact that the 2 year [sic] statute of limitation [sic] pursuant to NJ [sic] law (NJSA 2A:14-2) has already expired on October 2, 2014. (ECF No. 1, Letter at 1.) Plaintiff stated in the letter that at the time he filed his Complaint, he was writing a motion pursuant to Federal Rule Civil Procedure 6 to "'[e]xtend time' for filing this action." (*Id.*) Plaintiff contends that the Complaint was completed on "December 14, 2014, making the filing of these claims approximately 82 days late." (*Id.*) Plaintiff attributes the "remaining delay from December 22, 2014 until the date of this writing, January, 21, 2015 (30 days)" to his "inability to finish the Rule 6 motion to Extend time." (*Id.*) Plaintiff further explains that he has "experienced several delays caused by my incarceration in South Woods State Prison, which are the direct and proximate causes for the missed filing date on October 2, 2014." (*Id.*)

### III.   **DISCUSSION**

#### a.   **Standard for *Sua Sponte* Dismissal**

Under the PLRA, district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Here, Plaintiff's Complaint is subject to screening under 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e. According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading

that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[3] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

**b. Plaintiff's Claims are Time-Barred**

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Lasane v. Corzine*, No. CIV.A. 08-4656 MLC, 2008 WL 4534078, at *4 (D.N.J. Oct. 6, 2008) citing *Bethel v. Jendoco Constr. Corp.*, 570 F .2d 1168, 1174 (3d Cir. 1978)). Although the statute of limitations is an affirmative defense that may be waived by a defendant, the Court may dismiss *sua sponte* a pro se civil rights claim under 28 U.S.C. § 1915(e)(2) where untimeliness is apparent from the complaint. *See Hunterson v. Disabato*, 244 F. App'x. 455, 457 (3d Cir. 2007); *Johnstone v. United States*, 980 F. Supp. 148 (E.D. Pa. 1997); *Jones v. Bock*, 127 S.Ct. 910 (2007) (if allegations of prisoner civil rights complaint establish relief is barred by affirmative defense, such as statute of limitations or

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

exhaustion requirement, it may be dismissed for failure to state claim); *see also Hall v. Minner*, 411 F. App'x 443, 445 (3d Cir. 2011) (affirming dismissal of prisoner's claims under the ADA where statute of limitations defense apparent from the face of the Complaint). The requirement that federal courts review and dismiss any complaint that fails to state a claim, contained in both 28 U.S.C. § 1915A (which governs civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity) and 42 U.S.C. § 1997e (which governs actions brought as to prison conditions), parallels the provision in 28 U.S.C. § 1915(e).

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Likewise, "the statute of limitations applicable to claims under Title II of the ADA ... is the statute of limitations for personal injury actions in the state in which the trial court sits." *Disabled in Action v. SEPTA*, 539 F.3d 199, 208 (3d Cir. 2008); *see also Muhammad v. Dep't of Corr.*, 645 F. Supp. 2d 299, 309 (D.N.J. 2008), *aff'd sub nom., Muhammad v. NJ Dep't of Corr.*, 396 F. App'x 789 (3d Cir. 2010) (citing *McGrogan v. Till*, 327 N.J. Super. 595, 603 (App. Div. 2000) ("A medical-malpractice action ... is governed by the two-year [limitations] period.")). Here, New Jersey's two-year limitations period on personal injury actions, N.J.S.A. § 2A:14-2, governs Plaintiff's claims. *See Montgomery v. DeSimone*, 159 F.3d 120, 126 & n. 4 (3d Cir. 1998); *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). Under N.J.S.A. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. *Cito*, 892 F.2d at 25; *accord Brown v. Foley*, 810 F.2d 55, 56 (3d Cir.1987).

New Jersey law permits "statutory tolling" under limited circumstances. *See, e.g.*, N.J.S.A. § 2A:14-21 (detailing tolling due to minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling due to nonresidency of persons liable). New Jersey law also permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting rights, or has timely asserted rights mistakenly either by defective pleading or in the wrong forum. *See Freeman v. State*, 347 N.J. Super. 11, 31 (App. Div.), *certif. denied*, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Id.* When state tolling rules contradict federal law or policy, federal courts can turn to federal tolling doctrine. *See Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum. *Id.* n. 9.

Here, the Court need not determine whether Plaintiff states any claims for relief against any of the Defendants because Plaintiff acknowledges in the letter attached to his Complaint that the allegations in his Complaint are time barred. Indeed, the Court's own review of Plaintiff's Complaint confirms that conduct alleged occurred outside the two-year statute of limitations, and Plaintiff has provided no facts or extraordinary circumstances in his Complaint that would permit statutory or equitable tolling under either New Jersey or federal law. Plaintiff states only that he has "experienced several delays caused by my incarceration in South Woods State Prison, which

are the direct and proximate causes for the missed filing date on October 2, 2014."   The Court finds this vague statement insufficient to warrant equitable tolling, and dismisses Plaintiff's Complaint as time-barred.   To the extent Plaintiff has any valid basis for tolling, he may move to reopen the case within 30 days and provide factual support for his tolling arguments.[4]

_____

Madeline Cox Arleo, U.S.D.J.

Date: _____, 2015

---

[4] In this regard, the Court notes that Plaintiff relies on Fed. R. Civ. P. 6 to "extend time" for the filing of this action.  Plaintiff's reliance on this Rule is misplaced.  *See, generally, Joint Council Dining Car Employees v. Delaware, L. & W.R. Co.*, 157 F.2d 417, 420 (2d Cir. 1946) ("Rule 6(a) is a rule of procedure relating to acts done or proceedings had after the commencement of action and to any statutes expressly applicable to such proceedings. It is not intended to modify and change existing statutes of limitations.") (emphasis added).  To the extent Rule 6(a) extends the statute of limitations in Section 1983 cases, it applies to the calculation of the final day of the limitations period, *see, e.g.* 4B Fed. Prac. & Proc. Civ. § 1163 (4th ed.) ("The applicability of Federal Rule of Civil Procedure 6 to federal statutes of limitations often comes into question when the final day allowed by a federal statute of limitations falls on a Saturday, Sunday, or legal holiday."); *Edwards v. Media Borough Council*, 430 F. Supp. 2d 445 (E.D. Pa. 2006) ("Plaintiff's claims under 42 U.S.C.A. §§ 1983 and 1985 were subject to Pennsylvania's two-year statute of limitations governing personal injury actions, which was computed according to Rule 6.  The last day fell on a Saturday, so the limitations period was extended to the following Monday."); *see also Mondragon v. Thompson*, 519 F.3d 1078 (10th Cir. 2008) (statute of limitations for action under 42 U.S.C.A. § 1983 expired on Sunday, so plaintiff's filing on subsequent Monday is timely).  Rule 6, however, does not provide a basis for tolling the statute of limitations.